Kimmel & Silverman, P.C.
1930 East Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Telephone: 856-429-8334
Attorney of Record: Amy Bennecoff (AB0891)
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR
THE DISTRICT OF NEW JERSEY

TINA FERRY,

    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES LLC,

    Defendant

Civil Action No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

## COMPLAINT

TINA FERRY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Jersey and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Claremont, New Jersey.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collector with an office located at 140 Corporate Boulevard in Norfolk, Virginia, 23502.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged credit card debt from 2007 from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning on June 9, 2010 and continuing until June 30, 2010, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff.

18. Defendant placed repeated calls to Plaintiff's cellular phone almost everyday. Causing Plaintiff to receive, at times, more than two (2) collection calls a day.

19. Defendant and its employees identified as "Dawn Andrews" and "Mr. Hill," harassed the Plaintiff in an attempt to collect the alleged debt.

20. On Wednesday June 9, 2010 "Dawn Andrews" called the Plaintiff and informed her that she had until Thursday to pay the debt or a judgment would be filed against her.

21. Plaintiff tried to inform "Dawn Andrews" that the debt in question was not the Plaintiff's due to Plaintiff possibly having her identity stolen and in fact the Plaintiff has not had an actual credit card since 2003.

22. "Dawn Andrews" told Plaintiff that she had to either pay the debt or file for bankruptcy.

23. When inquiry into how much was owed on the debt "Dawn Andrews" told the Plaintiff three (3) different amounts: $3,912.00, $2,358.00, and $1,787.00.

24. "Dawn Andrews" informed the Plaintiff that an attorney was listening in on the conversation and that the Defendant had a legal right to collect the money owed.

25. Additionally, "Dawn Andrews" informed the Plaintiff that what the Plaintiff was doing by not paying the debt was illegal.

26. Plaintiff felt very threatened, horrible and upset during this conversation as well as subsequent abusive conversations with "Dawn Andrews".

27. On June 30, 2010 "Mr. Hill" called the Plaintiff and identified himself as a Legal Administrator.

28. Plaintiff once again tried to explain that she has not had a credit card since 2003 and therefore she could not have opened a credit card account in 2007.

29. Plaintiff mention to "Mr. Hill" that she had spoken with an attorney regarding the debt matter.

30. "Mr. Hill" informed the Plaintiff that her attorney was misleading her and she should listen to "Mr. Hill" and not her own attorney.

31. "Mr. Hill" went on to state that the Plaintiff's attorney did not know what they were doing and were going to get the Plaintiff into trouble. The Plaintiff therefore needed to have her attorney call "Mr. Hill" because he would set the attorney straight, since "Mr. Hill" knew better then the Plaintiff's attorney.

32. "Mr. Hill informed Plaintiff that she did not stand a chance against him in court.

33. "Mr. Hill" was very loud, rude and insulting to the Plaintiff making her feel upset.

34. At no time throughout these phone calls has the Defendant, its agents, employees, and servants, identified itself as a debt collecting agency to the

Plaintiff.

35. Defendant, its agents, employees, and servants, have implied that the Plaintiff's wages would be garnished if she did not pay the debt and that Plaintiff debt would be reported to the credit reporting agencies.

36. To date, despite threats to the contrary, Defendant has not filed a lawsuit or taken other legal action against Plaintiff; thereby indicating it did not intend to take the action previously threatened.

37. On June 25, 2010 Plaintiff received a letter from the Defendant stating "Account number 5176690023522274 and its proceeds were sold, assigned and transferred by the Seller to Portfolio Recovery Associates, LLC on 08/22/2008…According to the Seller's records, there was due and payable…the sum of $600.27." A true and correct copy of the May 5, 2010 fax is attached hereto as Exhibit "A".

38. Defendant's letter did not inform the Plaintiff of her rights and privileges under the law. See Exhibit "A".

39. In response Plaintiff sent a letter to Defendant stating that she does not have a credit card and has no knowledge of the debt.

40. After the initial correspondence with Defendant back in June of 2010, Plaintiff has still not received a letter notifying her of her rights and privileges under the law.

41. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated, given that she has received four (4) different debt amounts.

42. Upon information and belief, Defendant sought to collect a debt from Plaintiff despite the fact that it had no knowledge of its validity.

43. Defendant's actions in attempting to collect the alleged debt were harassing, and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

35. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

36. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

37. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude

which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

38. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated of the FDCPA generally;
   b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;
   c. Defendant violated § 1692d(2) of the FDCPA by using language the natural consequence of which was to abuse the Plaintiff;
   d. Defendant violated § 1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;
   e. Defendant violated § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt;

f. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken;

g. Defendant violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt;

h. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

i. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

j. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, TINA FERRY, respectfully prays for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TINA FERRY, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: 11/10/10

KIMMEL & SILVERMAN, P.C.

By: _____
Amy L. Bennecoff
Attorney ID # AB 0891
Kimmel & Silverman, P.C
1930 E. Marlton Pike, Suite Q29
Cherry Hill, New Jersey 08003
Phone: (856) 429-8334
Facsimile (856) 216-7344
Email: abennecoff@creditlaw.com

PLAINTIFF'S COMPLAINT